**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 9 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LABH SINGH, | No.   19-71741 |
| Petitioner, | Agency No. A070-775-322 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2021**
Pasadena, California

Before:  KLEINFELD, CALLAHAN, and HIGGINSON***, Circuit Judges.

Labh Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeal's denial of his motion to reopen his deportation hearing

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Stephen A. Higginson, United States Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

based upon changed country conditions.[1]  We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

The BIA's denial of a motion to reopen is reviewed for abuse of discretion. *Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016).  Singh's motion was filed pursuant to the exception allowing for a motion to reopen beyond the time bar when the motion is based upon changed country conditions.  *See* 8 C.F.R. § 1003.2(c)(3)(ii).  The BIA, however, found that Singh was unable to show that the exception applied in his case because he did not demonstrate materially changed country conditions in India for Sikhs or members of the Akali Dal Mann party. Rather, the BIA found that conditions towards Sikhs in India have not materially changed since Singh's deportation hearing more than 14 years ago.  The evidence shows that Sikhs do not face increasing hardships in practicing their faith or accessing services or facilities available to the public.  The BIA considered the evidence of the death of Singh's brother but noted the discrepancy between the date alleged in the motion and the date on the death certificate.  The BIA considered Professor Mahmood's report but gave it limited weight because it lacked any indication of her sources.

---

[1]     Because the parties are familiar with the facts, we restate only those necessary to explain our decision.

For a motion to reopen to be granted the petitioner must establish a prima facie case for relief. *Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010). For asylum and withholding of removal relief, the petitioner must establish that he will be persecuted because of his race, religion, nationality membership in a particular social group, or political opinion. 8 U.S.C. § 1158(b)(1)(B)(i); 8 U.S.C. § 1231(b)(3)(A). For CAT protection, the petitioner must establish that it is more likely than not that he will be tortured by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).

The BIA denied relief concluding that Singh was unable to demonstrate prima facie eligibility for asylum or withholding of deportation to warrant reopening because the evidence presented did not persuasively demonstrate that Singh is at risk of persecution based upon his religion or political opinion. The evidence shows there has been relative peace for Sikhs since 1995, and Sikhs have won elections to top political posts in India since Singh's last deportation hearing. Singh has not shown a reasonable likelihood he will be persecuted or tortured if he returns to India.

**PETITION DENIED**.